UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY B. JONES, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-50

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration that Plaintiff, previously found to be entitled to supplemental security income (SSI), is no longer disabled. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects. For the following reasons, the Court denies the objections and issues this Opinion and Order.

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). *See Freeman v. Sec'y of*

*Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992) ("[The] purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge.").

In his objections to the Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in rejecting his argument that the ALJ's residual functional capacity (RFC) assessment was not supported by substantial evidence. According to Plaintiff, "what happened here" is that "the ALJ … simply dismiss[ed] the findings of treating physicians without very good reasons" and used Plaintiff's "occasional daily living activities to justify a ruling of no disability" (Pl. Obj., ECF No. 20 at PageID.674-675). Plaintiff's objection does not reveal any factual or legal error by the Magistrate Judge. As Defendant points out in response (ECF No. 21 at PageID.678), the Magistrate Judge recognized that while Plaintiff invoked the treating physician doctrine, Plaintiff "fails to identify any medical *opinion* which the ALJ failed to properly assess; instead, Plaintiff argues that the ALJ failed to properly consider certain 'findings' by his care providers" (R&R, ECF No. 19 at PageID.670-671). The Magistrate Judge properly concluded that Plaintiff's argument is "little more than a request that this Court reweigh the evidence and articulate a different RFC" (*id.*), a request that the Court must decline. It is not the courts' role to "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017), aff'd sub nom. *Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019). Plaintiff's objection is properly denied.

Plaintiff argues that the Magistrate Judge also erred in rejecting his argument that the ALJ improperly selected "out of thin air" the date on which his disability ended. The Magistrate Judge rejected this argument, reasoning that when finding that a claimant's disability has ended, an ALJ need not select a date "supported by 'smoking gun medical documents' generated on the date in

question" (R&R, ECF No. 19 at PageID.668, quoting *Valencia v. Comm'r of Soc. Sec.*, 216 F. Supp. 3d 835, 839 (W.D. Mich. 2016)).  In his objections, Plaintiff argues that *Valencia* should be limited to its "highly unusual fact pattern" and that disability dates should not be determined by "guesswork" (Pl. Obj., ECF No. 20 at PageID.672-673).  Plaintiff also complains that the Magistrate Judge did not reference other district court decisions, an omission that Plaintiff opines reveals a conflict requiring resolution.  Plaintiff's objection does not reveal any factual or legal error by the Magistrate Judge.  Rather, as the Sixth Circuit has recognized, the "zone of choice" that ALJs possess in rendering disability decisions includes an ALJ's choice of the medical improvement date.  The date an ALJ selects is permissible where the date is "not so wholly arbitrary so as to carry the ALJ's decision outside the 'zone of choice.'" *Valencia*, 216 F. Supp. 3d at 839 (quoting *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285 (6th Cir. 2009)).  Hence, as Defendant points out in response (ECF No. 21 at PageID.678), the fact that the evidence in this case might have also supported different medical improvement dates does not reveal error by the ALJ.  This objection is therefore also properly denied.

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

Dated:  March 15, 2021                                         /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge